Michael Nacchio, Esq.
Jocelyn A. Merced, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
michael.nacchio@ogletreedeakins.com
jocelyn.merced@ogletreedeakins.com
*Attorneys for Defendants*
*PetNet Solutions, Inc. and*
*Siemens Medical Solutions USA, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIA GRANDE, | : | Hon. _____ |
| | : | Case No. _____ |
| Plaintiff, | : | |
| | : | *Civil Action* |
| v. | : | |
| | : | **NOTICE OF REMOVAL &** |
| PETNET SOLUTIONS, INC. & SIEMENS | : | **LOCAL CIVIL RULE 11.2** |
| MEDICAL SOLUTIONS USA, INC. | : | **CERTIFICATION** |
| D/B/A SIEMENS HEALTHINEERS, | : | |
| | : | |
| Defendants. | : | |

**TO:   CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

**KIPNIS LAW OFFICES**
Daryl J. Kipnis, Esq.
280 Medford-Mt. Holly Rd.
Medford, NJ 08055
*Attorneys for Plaintiff*

Clerk, Law Division
Middlesex County Courthouse
56 Paterson Street
New Brunswick, New Jersey 08903-0964

Michelle M. Smith, Esq., Clerk
The Superior Court of New Jersey
Richard J. Hughes Justice Complex
25 W. Market Street, 6th Floor North Wing
P.O. Box 971
Trenton, New Jersey 08625

**HONORABLE JUDGES:**

Defendants Petnet Solutions, Inc. ("Petnet") and Siemens Medical Solutions USA, Inc. ("Siemens"), collectively referred to as ("Defendants"), hereby notice the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 to the United States District Court for the District of New Jersey, and as grounds therefore shows as follows:

## I.    <u>TIMELINESS OF REMOVAL</u>

1.      On November 11, Plaintiff Maria Grande ("Plaintiff") commenced a civil action in the Superior Court of New Jersey, Law Division, Middlesex County, entitled *Maria Grande v. Petnet Solutions, Inc., et al*, Docket No. MID-L-5665-22 (hereinafter referred to as the "State Court Action").

2.      The Complaint asserts causes of action for failure to accommodate and retaliation on the basis of Plaintiff's age, gender and religion in violation of the New Jersey Law Against Discrimination (hereinafter "NJLAD") (Count One); retaliation under the Conscientious Employee Protection Act (hereinafter "CEPA") (Count Two); violation of the Diane B. Allen Equal Pay Act ("NJ Equal Pay Act")(Count Three); violation of Tennessee Code § 14-2-102(a) (Count Four); wrongful termination (Count Five) and unjust enrichment (Count Six).

3.      A copy of the Summons, Complaint, Civil Case Information Statement, and Track Assignment Notice are attached hereto as **Exhibit A**.  These documents set forth the claims upon which Plaintiff's action is based and constitute all pleadings, process and other documents served to date in this action.

4.      Defendant PetNet was served with the Summons and Complaint on November 21, 2022.

5.      Defendant Siemens was served with the Summons and Complaint on November 28, 2022.

6.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after first service of the Summons and Complaint upon Defendant PetNet.

## II.      VENUE

7.      New Jersey Superior Court, Middlesex County is located within the District of New Jersey.  *See* 28 U.S.C. § 110.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.      BASIS FOR REMOVAL – DIVERSITY JURISDICTION

8.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ."

### A.      DIVERSITY OF CITIZENSHIP

9.      Plaintiff is a citizen of the State of New Jersey. (Compl. Introduction, **Exhibit A**).

10.      A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

3

11.     Defendant PetNet is a Tennessee corporation and has its principal place of business at 810 Innovation Drive, Knoxville, Tennessee 37934. Defendant PetNet is therefore a citizen of Tennessee within the meaning of 28 U.S.C. § 1332.

12.     Defendant Siemens is a Delaware corporation and has its principal place of business at 40 Liberty Blvd., Malvern, Pennsylvania 19355.  Defendant Siemens is therefore a citizen of Delaware and Pennsylvania within the meaning of 28 U.S.C. § 1332.

13.     Complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

**B.    <u>AMOUNT IN CONTROVERSY</u>**

14.     This is an action to recover damages for alleged failure to accommodate and retaliation in violation of the NJLAD; retaliation in violation of the CEPA; violation of the  Equal Pay Act; violation of Tennessee Code § 14-2-102(a); wrongful termination and unjust enrichment.

15.     Plaintiff seeks judgment against Defendants for all damages.

16.     Specifically, Plaintiff's Complaint seeks and compensation for emotional distress (The Parties, Venue and Jurisdiction, ¶10); "compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees and treble damages as may be applicable pursuant to the applicable 'fee shifting' statutes, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just." (*See* **Exhibit A**, Counts One – Six, Wherefore Clauses).

17.     For purposes of removal, the amount in controversy in this matter is in excess of $75,000, exclusive of interests and costs. *See*, *e.g*., *Huber v. Taylor*, 532 F. 3d 237, 244 (3d Cir. 2008) ("If appropriately made . . . claims for punitive damages will generally satisfy the amount

4

in controversy requirement.") (internal citation omitted); *Zanger v. Bank of Am.*, N.A., No. 10-cv-2480, 2010 WL 3910142, at *3 (D.N.J. Oct. 1, 2010) (finding claims for attorneys' fees and punitive damages are, to the extent asserted, presumed to satisfy the amount in controversy requirement); *Andrews v. Home Depot U.S.A., Inc.*, No. 03-cv-5200, 2010 WL 5464303, *3 (D.N.J. Dec. 29, 2010) (finding plaintiff's claim for compensatory and punitive damages and attorneys' fees more than satisfied the amount in controversy requirement for removal); *Raspa v. Home Depot*, 533 F.Supp. 2d 514, 522 (D.N.J. 2007) (punitive damages claim sufficient to meet amount in controversy and attorney's fees claims "alone can exceed six figures). Here, Plaintiff seeks all damages including compensatory and punitive damages.

18.     In addition, where an action seeks damages for a significant injury, such as Plaintiff's claimed "emotional distress" it will generally satisfy the $75,000 threshold for diversity jurisdiction. *See*, *e.g.*, *Scioscia v. Target Corp*., No. 08-cv-2593 (AET), 2008 WL 2775710 (D.N.J. July 14, 2008) (denying remand based, in part, on plaintiff's allegation of "significant" personal injury); *see also Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (where a complaint is silent on the amount in controversy, removal is proper unless it is a legal certainty that the plaintiff cannot recover the jurisdictional amount of $75,000). Here, Plaintiff's Complaint seeks emotional distress damages. (*See* **Exhibit A,** The Parties, Venue and Jurisdiction, ¶10).

19.     Based on the allegations of the Complaint, which seeks recovery of compensatory and punitive damages, counsel fees, treble damages, attorney's fees and pre-judgment interest, the amount in controversy will exceed the sum or value of $75,000, exclusive of interest and costs.

## IV.     DEFENDANT'S COMPLIANCE WITH 28 U.S.C. § 1446(d)'s NOTICE REQUIREMENTS

20.     Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff's counsel of record in accordance with 28 U.S.C. § 1446(d).

21.     A true and correct copy of this Notice of Removal will also be promptly filed with the Clerk of Superior Court of New Jersey, Middlesex County, Law Division, in accordance with 28 U.S.C. § 1446(d), as an attachment to Defendant's Notice of Filing of Notice of Removal.

## V.     <u>CONCLUSION</u>

22.     To date, PetNet and Siemens have not filed responsive pleadings in the State Court Action.

23.     The removing Defendants PetNet and Siemens, have not previously sought similar relief.

24.     This action is properly removable pursuant to 28 U.S.C. §§ 1332 and 1441. The amount in controversy exceeds $75,000.  Defendant PetNet is a citizen of Tennessee Defendant Siemens is a citizen of Delaware and Pennsylvania and Plaintiff Maria Grande is a citizen of New Jersey. As such, there is complete diversity of citizenship.

25.     By removing this matter, PetNet and Siemens do not waive, or intend to waive, any defenses they might have including, but not limited to, insufficiency of process and insufficiency of service of process and/or lack of personal jurisdiction, and reserve the right to assert all defenses herein.

26.     If any questions arise concerning the propriety of this removal, PetNet and Siemens request that the Court allow it to file a brief supporting removal and be heard in oral argument.

**WHEREFORE**, Defendants PetNet and Siemens respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendants*

Date:   December 19, 2022         By:     s/*Jocelyn A. Merced*
                                          Jocelyn A. Merced

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned counsel for Defendants PetNet and Siemens certifies that the matter in controversy is not the subject of any other action pending in any court, and Defendants PetNet and Siemens know of no other action pending in any court, or of any pending arbitration or administrative proceeding.

s/*Jocelyn A. Merced*
Michael Nacchio, Esq.
Jocelyn A. Merced, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel: (973)-630-2338
Fax: (973)-656-1611
michael.nacchio@ogletree.com
jocelyn.merced@ogletree.com

Dated:  December 19, 2022

## **PROOF OF SERVICE**

I am over the age of 18 and not a party to this action.  On this date, I served a true copy of

the attached:

### **NOTICE OF REMOVAL & LOCAL CIVIL RULE 11.2 CERTIFICATION**

on the party listed below, via ECF and overnight mail, sent to her attorney of record:

> **KIPNIS LAW OFFICES**
> Daryl J. Kipnis, Esq.
> 280 Medford-Mt. Holly Rd.
> Medford, NJ 08055
> *Attorneys for Plaintiff*

and, via overnight mail, upon

| | |
|---|---|
| Michelle M. Smith, Clerk | Clerk, Law Division |
| Superior Court of New Jersey | Middlesex County Courthouse |
| Hughes Justice Complex | 56 Paterson St. |
| P.O. Box 971 | New Brunswick, New Jersey 08903-0964 |
| Trenton, New Jersey 08625 | |

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 19, 2022

<div style="text-align:right">

 s/*Jocelyn A. Merced*
Jocelyn A. Merced, Esq.

</div>

49091106.1

# EXHIBIT A

**KIPNIS LAW OFFICES**
Daryl J. Kipnis, Esq. - 023812006
280 Medford-Mt. Holly Rd.
Medford, NJ 08055
Phone: 732-595-5298
Fax: 732-412-7925
Attorney for Plaintiff

| | |
|---|---|
| MARIA GRANDE | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CIVIL PART MIDDLESEX COUNTY |
| Plaintiff | |
| vs. | Docket No. MID-L- Civil Action |
| PETNET SOLUTIONS, INC. & SIEMENS MEDICAL SOLUTIONS USA, INC. D/B/A SIEMENS HEALTHINEERS | **COMPLAINT & JURY DEMAND** |
| Defendants | |

PLAINTIFF, Maria Grande, residing at 59 Bennett Rd., Matawan, (Old Bridge Twp.), NJ 07747, by way of Complaint against the above-named Defendants, says as follows:

## THE PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, Maria Grande, (hereinafter "Grande" or "Plaintiff" was an employee of Defendant PETNET Solutions, Inc., a subsidiary of Defendant Siemens Medical Solutions USA, Inc., who worked in the capacity of Territory Manager, Lower Northeast. She had approximately nine (9) years of service as an employee of Defendants at the time of her termination, and was based in New Jersey.  She was 60 years old as of the date her employment was terminated.

~ 1 ~

2. Defendant PETNET Solutions, Inc., (Hereinafter "PSI" or "Defendant") with a place of business located at 810 Innovation Drive, Knoxville, TN, 37932, c/o its New Jersey registered agent, CT Corporation System, 820 Bear Tavern Rd., West Trenton, NJ 08628 is a wholly-owned subsidiary of Defendant Siemens Medical Solutions USA, Inc. D/B/A Siemens Healthineers, and is a business entity which holds itself out to the public as a global leader in supplying positron emission tomography (PET) radiopharmaceuticals. It is responsible for Plaintiff's damages claimed herein.

3. Defendant Siemens Medical Solutions USA, Inc. D/B/A Siemens Healthineers (Hereinafter "Siemens" or "Defendant"), with a place of business at 755 College Rd. E., Princeton, NJ 08540, is the parent company of Defendant PETNET Solutions, Inc. and as such is responsible for directing its policies and procedures with respect to employment. It is responsible for Plaintiff's damages herein.

4. Venue and jurisdiction is proper in the Superior Court of New Jersey, Middlesex County, Law Division, Civil Part by virtue of the location of Plaintiff, and as both Defendants do business there.

## ALLEGATIONS OF FACT

1. Sometime in August of 2021, Plaintiff's manager, Angela Murray, asked Plaintiff if she planned on getting vaccinated for COVID-19. Plaintiff made Ms. Murray aware immediately that she had a sincerely held religious belief that precluded her from partaking in the use of the available COVID-19 vaccine products without violating her faith.

2. Ms. Murray thereafter conducted a series of staff meetings via conference call and/or video conference with Plaintiff and four other team members, wherein she repeatedly stated that "everyone must be vaccinated," despite her knowledge of Plaintiff's faith-based objection thereto.

3. Sometime thereafter in August of 2021, Defendants announced that they will be mandating their employees become vaccinated for COVID-19, even those who worked on a primarily remote basis such as Plaintiff, as a condition of their continued employment.  Defendants invited those employees who objected to being vaccinated for COVID-19 to submit requests for an accommodation to Siemens' Human Resources department via Defendants' "True North" online portal in approximately October of 2021.

4. Plaintiff thereafter followed Defendants' procedures to submit her request via said portal and promptly advised Siemens' human resources staff via same that she had a faith-based objection to being vaccinated for COVID-19 and therefore could not partake in the use of any of the available COVID-19 vaccine products without violating her sincerely held religious beliefs. On information and belief, no customers with whom Plaintiff interacted in connection with her employment required her to be vaccinated for COVID-19 as a condition of interacting with them at their facilities, or otherwise would consider a religious accommodation from Plaintiff. However, the day the request was submitted, Ms. Murray became aware of same, called Plaintiff, and told her "don't expect it to be approved."

5.   Thereafter, Defendants made no effort to engage in an interactive dialogue with Plaintiff concerning her accommodation request, and she received no further communication from Defendants concerning the substance thereof until November 15, 2021, when Plaintiff received the enclosed email from Siemens' Human Resources department indicating that while there was no dispute as to whether Plaintiff had a sincerely-held religious belief with respect to being vaccinated for COVID-19, it would be "unable to accommodate" Plaintiff's exemption due to alleged "undue hardship," the nature and present existence of which was not specified via factual support. The email further stated that Plaintiff would remain actively working until Friday, December 3, 2021, and that Plaintiff must become "compliant" with Defendants' policies by providing "proof that [she] has started her vaccine series by Thursday, December 2, 2021" and that if she failed to do so, she would be placed on "unpaid suspension status effective Monday, December 6, 2021." At this time, Defendants advised Plaintiff she had one final opportunity to "comply" by starting her vaccine series and providing proof by Thursday, December 9, 2021, otherwise, she would be terminated effective December 10, 2021, thus attempting to pressure Plaintiff into violating the tenets of her faith in order to keep her job. Plaintiff thereafter received another email from Ms. Murray on November 22, 2021 reiterating the prior email.

6.   Thereafter, on November 29, 2021, Plaintiff sent the enclosed email to Andrew Carr of Siemens' Human Resources department requesting to engage in a proper interactive process for the purposes of finding a reasonable accommodation for her request, thus communicating her honest and reasonable belief that Defendants had

engaged in conduct that was illegal and/or unethical with respect to the manner in which it responded to her accommodation request. Plaintiff pointed out that she was entering her 9th year of service to the company and had worked through the height of the pandemic without being vaccinated via remote work, use of a face mask, and social distancing. Plaintiff indicated that there was no reason why she could not safely continue working as she had been doing since the inception of the pandemic in March of 2020.

7.  Thereafter, one hour and four minutes following that email, Plaintiff received the enclosed response from Mr. Carr, indicating that she had "already completed the interactive reasonable accommodation process by submitting your original accommodation request" and that "each request was carefully considered" and that hers was denied due to "undue hardship." Mr. Carr further informed Plaintiff that "there is not an appeal process to the decision."

8.  Instead of discharging their obligations under law with respect to Plaintiff's accommodation request in response to her email of November 29, 2021 requesting to engage in an interactive process, Defendants instead retaliated against Plaintiff by placing her on unpaid leave, and then terminated her employment.

9.  Throughout the course of her employment, on information and belief, Plaintiff was compensated by Defendants at a rate of pay less than that of one or more male employees with similar qualifications and levels of experience to her, for performing the same or substantially similar work.

10. As a result of Defendants' discriminatory and retaliatory actions, and Defendants' failure to compensate Plaintiff at the same rate of pay as a male employee who performed the same or similar work, Plaintiff has been damaged financially, and has suffered emotional distress.

## COUNT ONE – VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-1 *Et. Seq.*

1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

2. The actions of Defendants and their staff as described above in failing to consider Plaintiff's religious accommodation request in good faith and in accordance with law via the absence of a required "interactive process," their allegations of the existence of "undue hardship" as the sole reason for denying her accommodation request without providing any factual support demonstrating the actual existence of same[1], their attempts to intimidate, bully and/or coerce her into partaking in the use of a pharmaceutical product which her religious beliefs forbid her to use under threat of termination, and their subsequent actions in terminating her employment in retaliation for her complaint to Human Resources as to the propriety of their accommodation process, as well as adverse employment actions taken against Plaintiff on the basis of her age, gender, and religion constitute violations of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 *et seq.*

---

[1] On August 22, 2022, the CDC promulgated guidance eliminating distinctions between vaccinated and unvaccinated individuals, and recommended against requiring COVID-19 testing for asymptomatic individuals. https://www.cdc.gov/media/releases/2022/p0811-covid-guidance.html

3.   As a direct and proximate result of the above-described actions of the Defendants,

Plaintiff has been damaged.


WHEREFORE Plaintiff demands judgment against Defendants for compensatory and

punitive damages in an amount to be determined at time of trial, and as otherwise provided

by law, together with an award of counsel fees and treble damages as may be applicable

pursuant to the applicable "fee shifting" statutes, pre-judgment interest accruing to the date of

entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems

equitable and just.


## COUNT TWO – VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT

1.   Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set

forth herein.

2.   Plaintiff engaged in a protected "whistle-blowing" activity by complaining to Defendants

as to the propriety of their religious accommodation "process," which she honestly and

reasonably believed to be unethical and/or illegal, and Defendants subsequently took

adverse employment action against Plaintiff in retaliation for said activity by placing her

on unpaid leave and terminating her employment, in contravention to the New Jersey

Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq*.

3.   As a direct and proximate result of the above-described actions of the Defendants,

Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees and treble damages as may be applicable pursuant to the applicable "fee shifting" statutes, pre-judgment interest accruing to the date of entry of judgment pursuant to <u>R.</u> 4:42-11, costs of suit, and such other relief the Court deems equitable and just.

## COUNT THREE – VIOLATION OF THE DIANE B. ALLEN EQUAL PAY ACT
## N.J.S.A. 34:11-56.13

1. Plaintiff repeats and re-allege all allegations of the Complaint as if fully set forth herein.

2. Upon information and belief, Plaintiff was compensated at a rate less than one or more male employees of Defendants who performed substantially similar work for the period of time covered under the Diane B. Allen Equal Pay Act, <u>N.J.S.A.</u> 34:11-56.13 & <u>N.J.S.A.</u> 10:5-12(t), in contravention of same.

3. As a direct and proximate result of the above-described actions of the Defendants, Plaintiff has been damaged.

WHEREFORE Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees and treble damages as may be applicable pursuant to the applicable "fee shifting" statutes, pre-judgment interest accruing to the date of

entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just.

## <u>COUNT FOUR – VIOLATION OF TENNESSEE TITLE 14</u>

1. Plaintiff repeats and re-allege all allegations of the Complaint as if fully set forth herein.

2. To the extent that Defendant PSI is headquartered in the State of Tennessee and Defendant Siemens conducts business there through its wholly-owned subsidiary, Defendant PSI, through which it directed Plaintiff's work, the above-described actions taken by Defendants constitute violations of the provisions of Tenn. Code § 14-2-102(a) which states that a "private business. . .shall not compel or otherwise take an adverse action against a person to compel the person to provide proof of vaccination if the person objects to receiving a COVID-19 vaccine for any reason." Plaintiff is entitled to the protection of said provisions of Tennessee State Law by virtue of her employment with Defendants, and Defendants are obligated to comply with same as a result of their presence in that State.

WHEREFORE Plaintiff demands judgment against Defendant for compensatory and punitive damages in an amount to be determined at time of trial, and as otherwise provided by law, together with an award of counsel fees and treble damages as may be applicable pursuant to the applicable "fee shifting" statutes, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems equitable and just.

## COUNT FIVE – WRONGFUL TERMINATION

1. Plaintiff repeats and re-alleges all previous allegations of the Complaint as if fully set forth herein.

2. The above-described actions of the Defendants resulted in the wrongful termination of her employment at common law.

3. As a direct and proximate result of the above-described actions of the Defendants, Plaintiff has been damaged

WHEREFORE Plaintiff demands judgment against all Defendants jointly, severally, and in the alternative for compensatory damages, punitive damages, and treble damages pursuant to N.J.S.A. 34:11-56.13 & N.J.S.A. 10:5-12(t) and as otherwise provided by law, together with counsel fees, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems appropriate.

## COUNT SIX – UNJUST ENRICHMENT

1. Plaintiff repeats and re-alleges all allegations of the Complaint as if fully set forth herein.

2. Defendants' conduct in terminating Plaintiff rather than compensating her appropriately for the work she performed as described above has caused Defendants to become unjustly enriched, and said profits must be disgorged as a matter of law and equity.

3. As a direct and proximate result of same, Plaintiff have been damaged.

WHEREFORE Plaintiff demands judgment against all Defendants jointly, severally, and in the alternative for compensatory damages, punitive damages, and treble damages pursuant to N.J.S.A. 34:11-56.13 & N.J.S.A. 10:5-12(t) and as otherwise provided by law, together with counsel fees, pre-judgment interest accruing to the date of entry of judgment pursuant to R. 4:42-11, costs of suit, and such other relief the Court deems appropriate.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

DARYL J. KIPNIS, ESQ.

Date: November 11, 2022

## DEMAND FOR TRIAL BY JURY

Pursuant to R. 4:35-1, Plaintiff hereby demands trial by jury on all issues so triable.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

DARYL J. KIPNIS, ESQ.

Date: November 11, 2022

~ 11 ~

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Daryl J. Kipnis, Esq. is hereby designated as trial counsel for the Plaintiff.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: November 11, 2022

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b), Plaintiff hereby demands from each named Defendant herein the

production of a copy of any and all insurance agreements under which the Defendants may be

covered to satisfy part of all of a judgment which may be entered in this action or to indemnify

or reimburse them for payments made to satisfy such judgment.

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

Date: November 11, 2022

## CERTIFICATIONS PURSUANT TO R. 1:38-7 AND R. 4:5-1

I certify that any confidential personal identifiers have been redacted from any documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b). I further certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

<div style="margin-left:50%">

**KIPNIS LAW OFFICES**
**Counsel for Plaintiff**

_____
DARYL J. KIPNIS, ESQ.

</div>

Date: November 11, 2022

**From:** maria.grande@petnetsolutions.com,
**To:** mgrande0813@aol.com,
**Subject:** FW: Accommodation Request Update
**Date:** Mon, Nov 22, 2021 9:33 am

---

**From:** Siemens Healthineers, SHS HR Accommodations Request (SHS AM NAM HR USA LR)
<shshraccommodationsrequest.func@siemens-healthineers.com>
**Sent:** Monday, November 15, 2021 3:06 PM
**To:** Grande, Maria <maria.grande@petnetsolutions.com>
**Cc:** Murray, Angela <angela.murray@petnetsolutions.com>; Carr, Andrew <andrew.carr@siemens-healthineers.com>
**Subject:** Accommodation Request Update

November 15, 2021

**Personal and Confidential**

Dear Maria**,**

Siemens Healthineers develops and manufactures diagnostic instruments, assays and imaging products that are critical to the diagnosis of disease and the treatment of patients.  Your role, whether on site or remote, is vital in supporting the development, manufacturing, distribution, and servicing of these products which are critical to healthcare systems. Without these products the ability for healthcare facilities and their staff to effectively treat patients will be negatively impacted, compromising the timely delivery of needed care.

We have received and reviewed your request for an accommodation for the COVID-19 vaccine.  At this time, we are not questioning whether you have a sincerely held religious belief.   Even assuming that you have a sincerely held religious belief, we are unable to accommodate your exemption request based on the nature of your position and the factors noted above which create an undue hardship.

In anticipation of our return to pre-pandemic operations, having the ability to work together, or with our customers and business partners, in-person through close collaboration, is essential to our success. Because the health and safety of each of our employees is a key driver to that success, protecting each of our employees remains a primary focus of ours and this is best achieved through a combination of safety measures.  An important element of those measures is full vaccination of employees.  We know this measure to be highly important not only in protecting the health of our vaccinated employees but also in protecting the health and well-being of their co-workers, friends and families.

**We would like to outline next steps based on the denial of your accommodation request:**

- You will remain actively working until Friday December 3, 2021.

- In order to become compliant, please provide proof that you have started your vaccine series by Thursday, December 2, 2021.  All vaccine documentation must be uploaded via the TrueNorth portal.
- If you are not compliant by Thursday December 2, 2021, you will be placed on an unpaid suspension status effective Monday December 6, 2021.
- Should you choose not to be vaccinated or choose not to update your status in the TrueNorth tool, we will consider you not compliant with HC-HR51a policy found here .
  - During the unpaid suspended status, you will continue to have the opportunity to comply if you start your vaccine series and provide proof by Thursday December 9, 2021.
  - If you do not take any of the steps outlined above, your last day of employment will be December 10, 2021.

Additionally, while we are not able to accommodate you in your current role, there may be remote roles available where an accommodation could be possible.  Please review the open positions at https://usa.healthcare.siemens.com/careers.  If there are any open remote roles for which you believe you are qualified, please submit an application and also contact your HRBC to discuss.

Your HR Business Consultant is copied on this communication.   Please reach out to them with any questions.

If you have additional questions, please refer to the Siemens Healthineers Vaccine SharePoint

Siemens Healthineers Human Resources

MID-L-005665-22 11/11/2022 8:26:09 PM Pg 16 of 21 Trans ID: LCV20223926315

**From:** maria.grande@petnetsolutions.com,
**To:** mgrande0813@aol.com,
**Subject:** FW: Accommodation Request Update - COVID VACCINATION
**Date:** Mon, Nov 22, 2021 10:53 am

---

**From:** Murray, Angela <angela.murray@petnetsolutions.com>
**Sent:** Monday, November 22, 2021 9:52 AM
**To:** Grande, Maria <maria.grande@petnetsolutions.com>
**Subject:** Accommodation Request Update - COVID VACCINATION

Maria,

While you work through your process below is the necessary information to prepare should you determine not to take immediate action to become compliant with the vaccine mandate.

- You remain actively working until December 3rd .
- If you do not take immediate action to become compliant, you will be placed on a suspended status due to non-compliance, effective December 6th .
- If you do not become compliant within this timeline, your last day of employment will be December 10th.
- If you become compliant during their suspended status, you must update their status in the TrueNorth tool **and** call the Nurse Case Manager line for clearance to return to work.

**<u>Accommodation Request Declined going into Suspended Status:</u>**

-
- So, we can  stay in contact while you're  out on a suspended status please send me your contact information [personal phone number and email address ]
- Ensure you have updated AskHR with their current mailing address, personal email, and phone number
- An employee on an unpaid suspended status, will not be able to use accrued PTO.  As always, upon separation of employment, any accrued unused PTO will be paid out.
- If you're on a suspended status, you will not have access to their assigned site/building or the Siemens Healthineers network via their laptop or mobile devices.
- Submit any outstanding T&E prior to suspension.
- Employees should place an out of office message in Outlook and voicemail on your cell phone advising who should be contacted for work related purposes and may not list their personal email address or phone number.
- If your employee's vaccination status changes while they are suspended, they will be directed to call the nurse case managers at (302) 631-9018 to discuss a return to work.  **Employees cannot return to work without clearance from the nurse case managers.**

Will send out a conference call invite for  Wednesday so we can circle back.


Best,


~ Angela


Angela Murray B.S, CNMT

Director of Sales-Northeast|Central Region & Strategic Accounts

PETNET Solutions | A Siemens Company

(M)732.890.4133 | (F)732.387.4178

mailto: angela.murray@petnetsolutions.com

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** maria.grande@petnetsolutions.com,
**To:** mgrande0813@aol.com,
**Subject:** FW: Request to engage in an interactive process
**Date:** Mon, Nov 29, 2021 1:02 pm
**Attachments:**

---

**From:** Carr, Andrew <andrew.carr@siemens-healthineers.com>
**Sent:** Monday, November 29, 2021 12:44 PM
**To:** Grande, Maria <maria.grande@petnetsolutions.com>
**Subject:** RE: Request to engage in an interactive process
**Importance:** High

Maria,

Thank you for your message. While I understand your request, you have already completed the interactive reasonable accommodation process by submitting your original accommodation request. Each request was carefully considered, including the information you provided as well as feedback from PETNET leadership--and as you were notified your request was denied based on the undue hardship to the Business that it would create, since you are a customer-facing sales employee. At this time there is not an appeal process to the decision.

With kind regards
Andrew Carr

Siemens Medical Solutions USA, Inc.
SHS AM NAM HR USA CON 1 MI
810 Innovation Drive
37932 Knoxville, United States of America
Mobile: +1 (865) 274-7638
mailto:andrew.carr@siemens-healthineers.com
www.siemens-healthineers.com

---

**From:** Grande, Maria <maria.grande@petnetsolutions.com>
**Sent:** Monday, November 29, 2021 11:40 AM
**To:** Carr, Andrew <andrew.carr@siemens-healthineers.com>
**Subject:** Request to engage in an interactive process

1/3/22, 7:03 PM
EMR request to engage in interactive process

MID-L-005665-22   11/11/2022 8:26:09 PM   Pg 19 of 21   Trans ID: LCV20223926315
Case 3:22-cv-07378-RK-DEA   Document 1   Filed 12/19/22   Page 29 of 35 PageID: 29

Dear Andrew,

I have received the company's response not to grant my request for religious exemption and I'm requesting to engage in an interactive process to find a reasonable accommodation.

I'm entering my 9th year with Siemens and have been a loyal and devoted employee. I believe that I am a strong asset to the company and have excellent relationship with all of my customers. I worked through the height of the pandemic by working with my customers to ensure their safety concerns as well as my own. This was done all while remaining in compliance with customers standards as well as Siemens. I worked remotely, wore a face mask, and maintained social distance.

I can continue to work with customers as I did during the height of the pandemic. I would maintain social distance, wear a face mask and work with some customers if they so wished remotely.

Sincerely,

Maria Grande


Territory Manager | Lower Northeast

PETNET Solutions | A Siemens Healthineers Company

810 innovation Drive | Knoxville, TN 37932


Cell:  (732) 285-5244

Email to:   maria.grande@petnetsolutions.com

www.usa.siemens.com/healthineers


**Partnership delivering outcomes.**



This email message and any accompanying data or files is confidential and may contain privileged information intended only for the named recipient(s). If you are not the intended recipient(s), you are hereby notified that the dissemination, distribution, and or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at the email address above, delete this email from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.

**From:** maria.grande@petnetsolutions.com,
**To:** mgrande0813@aol.com,
**Subject:** FW: Suspension Effective December 6, 2021
**Date:** Fri, Dec 3, 2021 11:47 am
**Attachments:** Unpaid Suspended Status FAQs December 2021.pdf (89K)

---

**From:** Carr, Andrew <andrew.carr@siemens-healthineers.com>
**Sent:** Thursday, December 2, 2021 1:27 PM
**To:** Grande, Maria <maria.grande@petnetsolutions.com>
**Cc:** Murray, Angela <angela.murray@petnetsolutions.com>; Minerich, Susan
<Sue.Minerich@petnetsolutions.com>
**Subject:** Suspension Effective December 6, 2021
**Importance:** High
**Sensitivity:** Confidential

Dear Maria,

As communicated previously**,** employees are required to be vaccinated for COVID-19 by **December 3, 2021.**
Our records in TrueNorth continue to indicate that you have either not updated your vaccination status via the
TrueNorth process or that you are not compliant with the Vaccine Mandate that was previously communicated.

**This email is to confirm that you will be placed in an unpaid suspended status effective Monday,
December 6, 2021**, due to noncompliance with HC HR – 51a Life Threatening Infectious Disease Policy
(Addendum).

If you do not begin your vaccine process and provide proof of this by **December 9, 2021**, we will continue to
consider you as non-compliant and your last day of employment will be **December 10, 2021.**

Should your vaccination status change while you are on suspended status you must update your status in
TrueNorth by using this link TrueNorth Link and contact the nurse case managers directly at **(302) 631-9018** to
discuss your return to work.

\-

<u>**As a reminder - employees with a Suspended Status:**</u>

- You will not be able to use accrued PTO during this time.  As always, upon separation of
  employment, any accrued unused PTO will be paid out.
- You will not have access to your assigned site/building or the Siemens Healthineers network via
  your laptop or company mobile devices.
- Please submit any outstanding expense reports by the end of the day December 2, 2021.
- Establish a way to stay in contact with your manager.
  - Provide a personal phone number and email address
  - Ensure AskHR is updated with your current mailing address, personal email and phone
    number.

1/3/22, 6:55 PM                                                                      FMLA Suspension Medical December Leave

MID-L-005665-22   11/11/2022 8:26:09 PM   Pg 21 of 21   Trans ID: LCV20223926315
Case 3:22-cv-07378-RK-DEA   Document 1-1   Filed 12/19/22   Page 31 of 35 PageID: 31

- You may not conduct any work on behalf of the company.
- If your vaccination status changes while you are out, please upload a copy of your vaccine card to the TrueNorth tool and call the nurse case managers at (302) 631-9018 to discuss a return to work. **You cannot return to work without clearance from the nurse case managers.**

Attached are FAQs to help answer some of the questions you may have.   If you have additional questions or want to discuss, please contact me at any time.

With kind regards
Andrew Carr

Siemens Medical Solutions USA, Inc.
SHS AM NAM HR USA CON 1 MI
810 Innovation Drive
37932 Knoxville, United States of America
Mobile: +1 (865) 274-7638
mailto:andrew.carr@siemens-healthineers.com
www.siemens-healthineers.com

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-005665-22**

**Case Caption:** GRANDE MARIA  VS PETNET SOLUTIONS, IN C.

**Case Initiation Date:** 11/11/2022

**Attorney Name:** DARYL J KIPNIS

**Firm Name:** KIPNIS LAW OFFICES

**Address:** 280 MEDFORD-MT. HOLLY RD.
MEDFORD NJ 08055

**Phone:** 7325955298

**Name of Party:** PLAINTIFF : Grande, Maria

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** YES

**Are sexual abuse claims alleged by: Maria Grande?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/11/2022                                                                 /s/ DARYL J KIPNIS
Dated                                                                          Signed

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633
                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   NOVEMBER 11, 2022
                        RE:     GRANDE MARIA  VS PETNET SOLUTIONS, IN C.
                        DOCKET: MID L -005665 22


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANA C. VISCOMI

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 645-4300 EXT 88294.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                ATT: DARYL J. KIPNIS
                                KIPNIS LAW OFFICES
                                280 MEDFORD-MT. HOLLY RD.
                                MEDFORD        NJ 08055


ECOURTS